FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ MAR 2 2 2010 ★

BROOKLYN OFFICE

KRASELNIK & LEE, PLLC
Robert L. Kraselnik (RK 0684)
C.K. Lee (CL 4086)
The Empire State Building
350 Fifth Avenue, Suite 1729
New York, NY 10118
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| SHI KUN LIU and KAM CHUNG CHAN, on behalf of themselves and others similarly situated, | **CV 10 - 1291** |
| Plaintiffs, | Case No.: |
| | **COMPLAINT** |
| v. | **Jury Trial Demanded** |
| | **TOWNES, J.** |
| YML LLC, NEW YORK AIRPORT SERVICE LLC and PRIVATE ONE OF NEW YORK LLC, | **GO, M.J.** |
| Defendants. | |

---

Plaintiffs, SHI KUN LIU and KAM CHUNG CHAN, (hereinafter, "Plaintiffs"), on behalf of themselves and others similarly situated, by and through their undersigned attorney, hereby file this Complaint against Defendants, YML LLC, NEW YORK AIRPORT SERVICE LLC and PRIVATE ONE OF NEW YORK LLC (each individually, "Defendant" or, collectively, "Defendants"), and state as follows:

10838857.2

1

## INTRODUCTION

1. Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that they are entitled to recover from Defendants: (1) unpaid overtime, (2) liquidated damages, and (3) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law, they are entitled to recover from Defendants: (1) unpaid overtime, (2) liquidated damages, and (3) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, SHI KUN LIU, is a resident of Kings County, New York.

6. Plaintiff, KAM CHUNG CHAN, is a resident of Richmond County, New York.

7. Upon information and belief, Defendant, YML LLC , is a domestic business corporation organized under the laws of New York, with a principal place of business located at 15 Second Avenue Brooklyn, NY 11215.

8. Upon information and belief, Defendant NEW YORK AIRPORT SERVICE LLC, is a domestic business corporation organized under the laws of New York, with a principal place of business located at 15 Second Avenue Brooklyn, NY 11215.

9. Upon information and belief, Defendant, and PRIVATE ONE OF NEW YORK LLC, is a domestic business corporation organized under the laws of New York, with a principal place of business located at 15 Second Avenue Brooklyn, NY 11215.

10. Upon information and belief, Defendants, YML LLC, NEW YORK AIRPORT SERVICE LLC and PRIVATE ONE OF NEW YORK LLC, operate as a common unified entity.

11. Plaintiff, SHI KUN LIU, was employed by Defendants in New York County, New York, from on or about April 2008 until on or about January 2009.

12. Plaintiff, KAM CHUNG CHAN, was employed by Defendants in New York County, New York, from on or about August 2007 until on or about September 15, 2009.

13. At all relevant times, Defendant, YML LLC, was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

14. At all relevant times, Defendant, NEW YORK AIRPORT SERVICE LLC, was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

15. At all relevant times, Defendant, PRIVATE ONE OF NEW YORK LLC, was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

16. At all relevant times, the work performed by Plaintiffs were directly essential to the business operated by Defendants.

17. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned overtime wages in direct contravention of the FLSA and the New York Labor Law.

18. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

19. On or about April 2008 Plaintiff, SHI KUN LIU, was hired by Defendants and/or their predecessors, as applicable, to work as a bus driver for Defendants.

20. SHI KUN LIU worked for Defendants until on or about January 2009. During his employment, Plaintiff, SHI KUN LIU, only drove bus routes within the New York City metropolitan area.

21. During the employment of Plaintiff, SHI KUN LIU, by Defendants, he worked over forty (40) hours per week.

22. On or about August 2007 Plaintiff, KAM CHUNG CHAN, was hired by Defendants and/or their predecessors, as applicable, to work as a bus driver for Defendants.

23. KAM CHUNG CHAN worked for Defendants until on or about September 15, 2009. During his employment, Plaintiff, KAM CHUNG CHAN, only drove bus routes within the New York City metropolitan area.

24. During the employment of Plaintiff, KAM CHUNG CHAN, by Defendants, he worked over forty (40) hours per week.

25. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to the Plaintiffs and other similarly situated employees.

26. Plaintiffs retained Kraselnik & Lee, PLLC to represent them and other employees similarly situated in this litigation and have agreed to pay the firm a reasonable fee for its services.

10838857.2

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

27. Plaintiffs reallege and reaver Paragraphs 1 through 26 of this Complaint as if fully set forth herein.

28. At all relevant times, upon information and belief, Defendants were and continue to employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

29. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

30. Upon information and belief, at all relevant times, each Defendant had gross revenues in excess of $500,000.

31. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs for their hours worked in excess of forty hours per workweek.

32. Defendants failed to pay Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

33. Records, if any, concerning the number of hours worked by Plaintiffs and the actual compensation paid to Plaintiffs are in the possession and custody of the Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

10838857.2

34. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

35. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

36. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

37. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

38. Plaintiffs are entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

39. Plaintiffs reallege and reaver Paragraphs 1 through 38 of this Complaint as if fully set forth herein.

40. At all relevant times, Plaintiffs were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

41. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

42. Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid overtime, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law §663(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on behalf of themselves and all similarly situated employees, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

e. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to the New York Labor Law;

f. An award of prejudgment and postjudgment interest;

g. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

10838857.2

h. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: March 11, 2010

Respectfully submitted,

C.K. Lee, Esq. (CL 4086)
Kraselnik & Lee, PLLC
The Empire State Building
350 Fifth Avenue, Suite 1725
New York, NY 10118
Tel.: 212-465-1188
Fax: 212-465-1181

10838857.2